Good morning. May it please the court. Cassandra Lopez, federal defenders of San Diego, on behalf of the appellant Jose Martinez-Flores. Mr. Martinez-Flores' conviction of felony false imprisonment is not a crime of violence under 201.2 of the guidelines, because the offense could be committed without the degree of active violent force required by 201.2, and the offense could be committed when the force employed is directed against property. An offense is a crime of violence under 201.2 when it has as an element the use, attempted use, or threatened use of physical force against the person of another. And in Leocal, the Supreme Court has clarified that when we're discussing a crime of violence, we're referring to a category of active violent crimes. In Johnson, the Supreme Court held that in order to constitute force, the offense must have the – it must involve force capable of causing physical pain or injury. So the question before the court is, Mr. Martinez-Flores admitted, I used violence to violate the liberty of another. The court must look to California court's interpretation of violence. And in so doing, it's clear that a person may commit false imprisonment by violence for conduct that does not rise to the level of violent active force capable of causing physical pain or injury. Give me an example. Well, in the Flores case that we cited, the defendant entered the home of an elderly lady, and he took her by the shoulders. He let her into the living room. He shut and locked the front door. And in finding that that was false imprisonment by violence, the court of appeal, the California court of appeal, explained that there was evidence that Natalie was 87 years old, 4 feet 6 inches tall, and weighed about 98 pounds. There was evidence that defendant put his hands on Natalie's shoulders and let her into the living room and then locked the front door. Shortly thereafter, defendant again put his hands on Natalie's shoulders when he told her to sit down. Why isn't that capable of causing injury? Because the – because there was no evidence. It doesn't have to cause injury. It just has to be capable of causing injury. Well, the victim – Why is it locking a lady, you know, doing that to that little lady you just described? Why isn't that capable of causing injury? Because the force employed is not capable of causing physical injury. Putting his hands – Well, it is to a 98-year-old lady. Well, in this case, the 98-year-old lady said that he never used violence against her and he didn't threaten her. And the court found that – the question is, violence in California is defined as the force that is reasonably above that which is necessary to restrain. Well, it's a heightened use. A force heightened above that which is necessary. Right. But it's merely that which is above reasonably necessary to restrain. So it doesn't require the degree of force that is capable of causing physical pain or injury. And in the Flores case, the court looked at surrounding circumstances such as the victim's age. The force employed by the defendant wasn't – it – Do you agree that the rule is it has to be capable of causing, not actually causing? I would agree, yes. So as long as it's capable of causing, that's satisfying. That's correct. And if we look at the Castro case, another case that we cited, in that case, the court determined that the defendant had used violence under false imprisonment and when he grabbed the victim and turned her around, and the court says, if that is all that had happened, we would agree with appellant that his conduct amounted only to misdemeanor false imprisonment. But appellant pulled her toward his car and acted more than what was required to stop her and keep her where she was located. And in that case, the victim testified or the facts were that he gave her a little tug, like a pull toward him. And that little tug, the California court determined, constituted violence under the California false imprisonment statute. That is not force that is capable of causing physical pain or injury. We're not dealing with a category of violent active crimes. In the Folger case, an adult took a child's hand, let her into a room, and closed and locked the door. And the court found that holding the victim's hand constituted physical restraint and leading her into the room was the force above that which was necessary to restrain. It's not enough that Mr. Martinez-Flores admitted using violence. For example, in the battery statutes that this Court has looked at, the California definition of battery by force or violence, the Court has held that violence in that context has a special legal meaning. And when we look at the California jury instructions for violence in the context of false imprisonment, the commentary to the instruction states the instruction includes a definition of violence because it has a special meaning in the context of felony false imprisonment. In addition, force and violence are separate elements with different meanings that must be made clear to the jury. The offense could also be committed when the defendant employs force against property. And we cited a case where the defendant was driving a car and did not stop to let the victim out of the car. In that case, he never threatened the victim. He never touched her. And the court of appeals determined that the driving was the violent act. And that the force was the violent act. Roberts. Is this the one where she's locked in the trunk? No. This is the one where it's reckless speeding? In Michael K., the defendant was driving the car and the victim was the passenger. And he never expressly threatened her. He never touched her. But the court determined that the driving the car at an excessive speed was the violent act. In this case, the force was the violent act. So the defendant did not threaten her. It is capable of causing injury to her, but it is the force directed at property that 201.2 requires that the force be directed at an individual. It has to be directed at a person. Why isn't that directed at a person? Because the defendant was driving the vehicle. He directed the force at the car. Well, if there was injury to the vehicle, it's going to injure the person who's in the speeding car. Well, the force, the court in that case determined that the driving the vehicle was the violent act. And in that case, the fact that he, the court looked at what was the degree of force that was above that reasonably necessary to restrain and determined that driving the vehicle over the limit was that force. It's like saying, you know, if he shot at her with a gun, you know, he applied the force to the trigger and not to her. That's correct.  I'm sorry. You're using it as an instrumentality of the crime. That's correct. But I think that the distinction is because in this case the force was directed at a car that is capable of causing pain or injury, but it's not a weapon. Like in your example, shooting a gun is – a gun is meant to cause physical pain or injury. And I am approaching the end of my time, so I'd like to reserve 2 minutes for rebuttal. Thank you. Thank you. Good morning. Good morning. May it please the court. Warren Williams for the United States. California false imprisonment, when committed by means of violence, will always involve the use, the attempted use, or this is key, threatened use of physical force that is capable of causing physical pain. Now, in this particular case, the appellant admitted to unlawfully using violence to violate the personal liberty of another. And as I briefed in People v. Babbage, violence has a specific term of our meaning, which is the exercise of physical force used to restrain over and above the force reasonably necessary to affect such restraint. So do we have anything else in the record other than the plea agreement that describes the underlying crime? No, Your Honor. Just the plea agreement? Initially at sentencing, there were – there was a pre-sentence report that had more in detail or in-depth facts regarding it, but at this point, for the purpose of appeal, we're just relying on what he pled guilty to, which is that one sentence that he used to use violence. All right. When you say it's got to be the use, attempted use, or threatened use of physical force, it's got to be against the person of another, right? That's correct, Your Honor. Okay. Now, in the residual clause of 2L1.2, it has that exact meaning. There is no against the property of another in the residual clause of 2L1.2. Now, is locking a door – you had someone's in a room and you lock the door to keep the person in the room, is that the use of physical force against another? Your Honor, I'm not sure if that particular hypothetical would be the physical force against another. I did not see any case law in particular that used that hypothetical, and under Duenas-Alvarez, unless there's some specific case that the appellant can point to, we have to say that violence, when applied to false imprisonment, would be sufficient under the residual clause. Well, suppose there is such a case. If there is one, I would be curious to know which case that is, because I scoured most of them. Okay. Well, let's just assume there is such a case, that the use of physical force against another means locking a door. If the victim is in a room and the defendant locks a door, I think there's still the threat of physical force, possibly. But as I said – There could always be a threat of physical force, even if you're not locked in a room. But the question is whether that, you know, violates the crime of false imprisonment by the use of physical force against another. I think, in your hypothetical, if there were just a situation where someone closed and locked a door, that probably would not have risen to – And that was all. And that is all. I don't expect that would have risen to the level of a felony false imprisonment under California law. That would have more than likely just been Section 236, the misdemeanor version, which only requires no force beyond that necessary to restrain the victim. The 237 section actually requires something more. Suppose somebody takes you by the hand and puts you in the room and then closes the door. In that situation, that's different. That would more than likely fall underneath the – If the court said taking the hand and putting you in the room constitutes force – Then I believe that would have constituted sufficient force to be – But if the court just relies on the fact that you locked the door and that's the use of force, would that be force against another? Yes, I believe that would be. But I don't know if that would rise to the level of Section 237, felony false imprisonment. Well, if there's a California case that says taking someone by the hand and transporting that person into a room and then locking the door is both false imprisonment and violent force imprisonment, if that's what the California court holds, let's just say. Follow me? Yes, I do. Okay. Then the question would be whether that's capable of – for Federal purposes capable of causing pain or injury. Yes, Your Honor. I believe in that case it would because physical pulling, that's more force than necessary to affect the restraint of the individual. But that would satisfy California law. I'm sorry? That would satisfy California law. My question under Federal law then is that a crime of violence is defined by Federal law because it would or wouldn't be capable of causing pain or injury. I believe even if we did consider that Johnson applied wholesale to 2L1.2, that would satisfy Federal law because it's still capable. Let's say, for instance, the victim was being pulled into the room. Simply, Johnson was focused on more than just a mere touch. If the victim is actually being physically pulled into a room unwillingly, you have to imagine that there would be some tugging in response to that. That would at least be capable of causing physical pain. Can I ask you something about this PSR? I don't know – I don't understand why you're not relying on it anymore. Did Martinez-Flores object to it at the time? I don't believe – as I understand it, we didn't rely on it because we didn't want to use it under the modified categorical approach. Because it's not a document for the modified categorical approach. Right. We're focused on the modified categorical approach. In which case, we're only using what he pled guilty to. Okay. State charge. Because I think there's no doubt, if there's no objection to the facts in the PSR, that what he actually did was violence. I believe that's correct, Your Honor. But we don't even need to use the PSR in this case. I think simply by looking at that – I understand why you're not using it. But I'm just saying, reading about it, he definitely – I mean, it wouldn't be an unjust finding. It might be unlawful, but not unjust. I don't think it's unlawful either. I think the case that you're referring to and not disclosing to the government attorney had a lot of additional facts. All right. Well, I'll read you the case then so you can judge for yourself. The narrow question here is whether there was sufficient evidence the defendant used violence over and above that force necessary to effectuate false imprisonment upon the victim. The prosecution argued defendant's act of locking the SUV doors constituted additional force beyond that reasonably necessary to restrain the victim. The defendant argues this did not constitute additional force for purposes of convicting him of felony false imprisonment because the victim could manually unlock the door, the SUV door. We conclude there was sufficient evidence of restraint over and above the force reasonably necessary to restrain the victim. Locking the SUV doors impeded the victim from making a quick escape and thus constituted additional force beyond that reasonably necessary to restrain the victim. So if I understand what that says, that the force that constitutes the force under the California law is locking the door. And if I understand you correctly, there was no physical contact between the defendant and the victim prior to that? No, no. I didn't say there was no physical contact. I said that the California court did not mention the physical contact. California court said that in itself locking the door constitutes the force that can violate the statute. I think that's an interesting set of facts, but I think even if we look at the residual clause, it requires the use, attempted use, or even threatened use of physical force. Against the victim. Against the victim. Yes. I think if that was. I'm not trying to justify the California courts or to say that every decision made by a court is correct or rational. But one of those you mentioned under Dwayne's alpha is what it takes is a case where a statute has been applied in a particular way. You know, I happen to think you're right. I would not have considered that force against the victim or a violation of the statute. The question is what do the California courts think, and can you find a case in which they have construed it in a way that would not constitute violence under the Federal law? Your Honor, I would like to cede the facts completely to that case, but. Reasonable people could disagree about whether we're taking something out of context. I don't think a reasonable person could disagree with what I read to you. Well, yeah, right, what you read. Yes, and that's exactly. The context of the whole case. I understand that subject. I understand that what you're saying is that they relied strictly on the physical locking. Right. And I'm not sure. Can we completely rule out that they didn't include the physical touching? Well, what they had in mind is different. But what they said is they didn't mention the physical touching or the rape which was going on. And he locked the door while he was on top of her raping her after he'd already disrobed her. So it was an additional impediment to her escaping. It was the additional force on top of what had already occurred. Right. I believe that would still satisfy. There's plenty of force in this case. Oh, sure, there's force, but that wasn't the issue. The issue in this case that the California court decided was is locking the door violence. They could have said what I said. I don't justify all decisions by the California court or even by this court. But you look at this decision and see what it says. And what the court said here is what constitutes a violation of the statute is locking the door. I understand, Your Honor. I have run out of time. That's all right. Take as much as you want. We'll tell you when we're through. Okay. It would be nice to. Okay, the case that Judge Reinhart is quoting from is People v. White. And it's got a Westlaw number, 2003 Westlaw 21235557. Thank you, Your Honor. And if you want to submit a letter on the case, it may not be necessary because if anyone else agrees with Judge Wardlaw, you won't have to worry about the case. Understood, Your Honor. But maybe we should let you know if we want to comment on the case. Thank you. And I will just say, just to reiterate, I think even under the residual clause, if there's threatened use of force, that set of facts in that case would more than likely still satisfy the residual clause. Thank you. Thank you. To respond to Judge Wardlaw's concern about the PSR, Mr. Martinez-Flores did file an objection to the PSR. And at ER 67, he objected to the characterization of the offense taken from police reports that were unverified and not submitted. And police reports are not judicially noticeable documents that the Court can consider. No, I understand why he's not relying on the PSR. Okay. And with respect to the question of California case law and this something more that is what constitutes violence under California law, I think the case law is clear that the something more can be very minimal, and it can constitute or it can be something as little as a little tug pull or a little tug that's pulling the victim toward the defendant or putting hands on the victim's shoulders and telling her to sit down. And this, these types of actions are not force, do not constitute force that is capable of causing physical pain or injury. We're not talking about a degree of violent active force. The California courts are looking at what, after the restraint of the person, if false imprisonment, the court looks at what force results in moving that person just a little bit. So the first part, the misdemeanor, is restraining the person. And then violence comes when the person is, when the defendant uses force that's above that which is reasonably necessary to restrain. And it doesn't have to be that much force. And unless the Court has other questions, I will submit. Thank you, counsel. The case to be submitted, the next case of the day is United States versus $990,830 in U.S. currency.
judges: Reinhardt, Silverman, Wardlaw